CALLAHAN, Circuit Judge,
dissenting:
Based on the applicable standard of review, I respectfully dissent. We review the application of equitable estoppel for abuse of discretion. See, e.g., Red Lion Hotels Franchising, Inc. v. MAK, LLC, 663 F.3d 1080, 1087 (9th Cir. 2011). We may reverse only if “we have a definite and firm conviction that the [bankruptcy] court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.” S.E.C. v. Coldicutt, 258 F.3d 939, 941 (9th Cir. 2001). Here, I lack the requisite conviction.
By amending her initial schedules to remove her claim for a homestead exemption, Lua represented that she would not be seeking such an exemption during her bankruptcy. Based on this representation, the Trustee spent the next roughly three years attempting to maximize the value of the bankruptcy estate by monetizing Lua’s interest in her home. While it is true that Lua did not know her exact interest in the home at the time she filed her first amended schedules and that Lua never affirmatively stated she would not change her amended exemption election at a later time, Lua stood idly by as the Trustee toiled away, failing to give the Trustee even so much as an indication that she was contemplating claiming the homestead exemption. In light of these particular facts, I cannot say that the bankruptcy court abused its discretion in finding that this case’s equities favored not allowing Lua to amend her first amended schedules. As a result, I would affirm the bankruptcy court’s application of equitable estoppel.